UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF ILYAS KHRAPUNOV | Case No. 17-mc-80107-HSG<br><br>**ORDER DENYING OBJECTORS' MOTION TO STAY AND DENYING AS MOOT OBJECTORS' ADMINISTRATIVE MOTION TO SHORTEN TIME**<br><br>Re: Dkt. Nos. 49, 51 |

Non-parties Pavel Prosyankin and John Doe (collectively "Objectors") move to stay this action pending appeal of the Court's denial of their motion for de novo determination of a magistrate judge's ruling. Dkt. No. 51 ("Mot."); *see also* Dkt. No. 47 ("Prior Order").[1] Objectors filed the motion to stay on July 6, 2018. On July 20, Plaintiff Illyas Khrapunov filed an opposition. Dkt. No. 56 ("Opp."). After carefully considering the parties' arguments, the Court **DENIES** Objectors' emergency motion to the extent that Objectors request a stay pending appeal. The Court, however, agrees to stay this action for seven days from the date of this order to provide Objectors with an opportunity to file an emergency motion for a stay in the Ninth Circuit. *See* Mot. at 10.[2]

## I. LEGAL STANDARD

Courts consider four factors when deciding to stay an action pending judicial review:

---

[1] The Court detailed the factual background in its Prior Order, and incorporates those unchanged facts and the legal analysis from the Prior Order here. In this order, the Court only discusses the facts and legal standards as necessary to address the new issues raised in Plaintiff's motion for a stay pending appeal.

[2] This matter is appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Given that this order resolves Objectors' stay request without a hearing, the Court **DENIES AS MOOT** Objectors' administrative motion to shorten time for a briefing schedule and hearing. Dkt. No. 49.

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009). The first two factors are "the most critical." *Id.* at 434. Objectors bear the burden of showing that a stay is justified under the circumstances, which the Court evaluates in its discretion. *See id.* at 433-34.

## II. DISCUSSION

Objectors argue that every stay factor weighs in their favor. As to irreparable harm, Objectors claim that, absent a stay, Khrapunov's attorneys will gain immediate access to the IP addresses and subscriber information that Khrapunov seeks, thereby mooting Objectors' appeal. Mot. at 5. With regard to the second factor, Objectors assert that they have a high likelihood of success on appeal, particularly regarding the unresolved issue of whether district courts in this circuit apply a de novo or clear error standard to review magistrate judge orders on Section 1782 applications. *Id.* at 6-7. Objectors contend that, had the Court reviewed Judge Westmore's order de novo, it likely would have denied Khrapunov's subpoena request in full. *See id.* at 7. According to Objectors, Khrapunov will face little harm as a result of a stay, given: (1) his initial delay in filing his Section 1782 application; and (2) that the information requested is immaterial to the underlying proceedings in the English courts. *Id.* at 9. Finally, Objectors argue that the public interest favors a stay, as Objectors are third parties who will be harmed if they cannot appeal the Court's order.

The Court disagrees. Objectors have not met their burden to show that a stay pending appeal is appropriate under the circumstances. At best, Objectors have established that the Ninth Circuit has not squarely addressed the inquiry that Objectors represent as dispositive: the standard of review that district courts apply to evaluate magistrate judge orders pursuant to Section 1782. As the Prior Order set forth, there is a consensus among district courts that the clear error standard is appropriate, particularly in the circumstances presented (that is, where the magistrate judge's order disposes of the discovery issue in federal court but does not resolve the Section 1782 petitioner's "underlying claims or defenses" in a foreign tribunal). *See Matter of a Petition for*

2

*Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 7258483, at *3 (D. Nev. Nov. 17, 2015); *see also Nikon Corp. v. GlobalFoundries U.S., Inc.*, 2017 WL 4647753, *3 (N.D. Cal. Oct. 16, 2017); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *1 (N.D. Cal. July 21, 2017). Partly as a consequence, courts in this circuit have denied stay requests on similar facts, concluding that the moving party cannot show a strong likelihood of success on appeal. *See Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-MC-80071-BLF, 2017 WL 4865549, at *2 (N.D. Cal. Oct. 26, 2017) ("With respect to GlobalFoundries' argument that this Court should have reviewed Judge van Keulen's ruling de novo rather than for clear error, GlobalFoundries has not explained why the Ninth Circuit would adopt that view when the vast majority of cases to address the issue have gone the other way."). Though not binding, the Court finds these analogous cases persuasive. And, as set forth in the Prior Order, Objectors' arguments as to why Judge Westmore's reasoning was clearly erroneous are unconvincing. *See* Prior Order at 8-9. Thus, Objectors fail to show a high likelihood of success on the merits.

Objectors' arguments regarding irreparable injury are also unpersuasive. In *Nikon Corp.*, a court in this district denied a stay request following its earlier application of a clear error standard to affirm a magistrate judge's order under Section 1782. *See id.* In denying the stay request, the *Nikon Corp.* court found that the absence of a stay would not harm the movant because: (1) "any disclosure would be subject to the protective order issued" in the case; and (2) the requested documents belonged to a third party entity, and were not the movant's "confidential business materials." *Id.* That same reasoning applies here. As the Court explained in the Prior Order, Objectors face little to no risk from release of the requested information given the narrowly-tailored nature of Khrapunov's subpoena. *See* Prior Order at 5, 8. In addition, the IP addresses and subscriber information that Khrapunov seeks are not confidential materials belonging to Objectors, but rather comprise information in the possession of another non-party, Google.

As with the two weightiest stay factors, Objectors fail to meet their burden to show a stay is warranted under the third and fourth factors. Objectors argue that the third factor favors their

position, as the requested information will have no effect on the underlying English proceedings. *See* Mot. at 8-9. In addition, Objectors contend that Khrapunov cannot complain of delay because he waited several months before filing his Section 1782 application. *See id.* But delays to date do not justify requiring Khrapunov to wait even longer, considering particularly that two courts have agreed with the underlying merits of his subpoena request. *See* Opp. at 8-9. Despite Objectors insistence that key deadlines have passed in the English proceedings, Khrapunov has repeatedly shown that the information is still relevant to his appeal. *See* Prior Order at 8-9.[3]

Finally, as to the fourth factor, the Court agrees with others in this district finding that a stay would frustrate Section 1782's dual purposes of providing "efficient assistance to participants in international litigation and to encourage foreign countries by example to provide similar assistance to our courts." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quotations and alterations omitted); *see Nikon Corp.*, 2017 WL 4865549, at *3. Though Objectors claim that the public interest favors a stay because the Ninth Circuit should "determine the proper standard of review of a magistrate judge's order on a § 1782 petition," Mot. at 9-10, that issue is separate from the pending question before the Court: whether a stay in *this case* is warranted.

Nonetheless, considering that the proper standard of review remains an open question, the Court agrees with Objectors that it is appropriate to issue a temporary stay until Objectors have an opportunity to file an emergency motion to stay in the Ninth Circuit. *See id.* at 10. That way, should it decide to take up the issue, the Ninth Circuit can determine the merits of Objectors' appeal and stay request in the first instance.

---

[3] Objectors request that the Court take judicial notice of a decision by Mr. Justice Popplewell of the High Court of Justice, Commercial Court. Dkt. No. 52. Objectors represent that decision as confirming that Khrapunov "dis-instructed his lawyers in the English court proceedings on April 27, 2018 and has not appointed replacement counsel." *See id.* at 1. The Court **GRANTS** Objectors' request insofar as it takes notice of the existence of this publicly-available court document. But whether Khrapunov retained his counsel in the English court proceedings does not bear on the relevant inquiry (whether the requested IP addresses and subscriber information can assist him in those proceedings), nor could the Court properly take judicial notice of the disputed facts underlying that question. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

4

### III. CONCLUSION

For these reasons, the Court **DENIES** Objectors' emergency motion to the extent that Objectors request a stay pending appeal. The Court, however, agrees to stay this action for seven days from the date of this order to provide Objectors with an opportunity to file an emergency motion for a stay in the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: 7/27/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge